UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE C. WILLIAMS,

            Petitioner,            Case No. 1:06-cv-728

v.                                       Honorable Gordon J. Quist

PATRICIA L. CARUSO,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it is barred by the one-year limitations period.

**Discussion**

I.   Factual Allegations

Petitioner is presently incarcerated at the Bellamy Creek Correctional Facility. He was convicted by a Wayne County Circuit Court jury on one count each of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), possession of a firearm in the commission of a felony, MICH. COMP. LAWS § 750.227b, and felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, arising from the shooting death of his wife. On September 17, 2002, the circuit court sentenced Petitioner to life imprisonment on the murder conviction; 2 years' imprisonment on the felony-firearm conviction; and 2-5 years' imprisonment on the felon in possession conviction.

Petitioner filed a direct appeal from his convictions and sentences in the Michigan Court of Appeals, and that court affirmed his convictions and sentences in a May 13, 2004 unpublished decision. On February 28, 2005, the Michigan Supreme Court denied Petitioner leave to appeal the Michigan Court of Appeals decision. Petitioner did not seek certiorari in the United States Supreme Court, nor did he file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq*.

In his *pro se* application, Petitioner asserts two grounds for habeas corpus: (1) the trial court violated his 5th, 6th, and 14th Amendment due process and fair trial rights when it admitted hearsay evidence and gave improper jury instructions; and (2) Petitioner's trial counsel was ineffective in violation of his 6th Amendment right to effective assistance of counsel. Petitioner raised both grounds before the Michigan appellate courts.

II.     One-Year Limitations Period

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, § 2244(d)(1)(A) provides the period of limitation. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to page two of Petitioner's application, he appealed his convictions to the Michigan Court of Appeals and Michigan Supreme Court, with the latter court denying his application on February 28, 2005. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 30, 2005. *See Bronaugh*, 235 F.3d at 284-85; FED. R. CIV. P. 6(a) (the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run; and last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day). Therefore, the one-year limitations period began to run on May 30, 2005. Petitioner had one year from that date, or, until May 30, 2006, to file his habeas application. However, he did not sign his petition until October 5, 2006. Thus, Petitioner filed his petition more than one year after the time for direct review expired and his application is time-barred.

The one-year limitation period applicable to § 2254 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner's assertion that the one-year period in the AEDPA violates the Suspension Clause is without merit. This argument has been rejected by a number of circuits, including the Sixth Circuit. *See Clark v. Brooks,* No. 99-3080, 2000 WL 1290349, at *1 (6th Cir. Sept. 7, 2000). *See also Delaney v. Matesanz,* 264 F.3d 7, 12 (1st Cir. 2001); *Moton v. Utah*, 28 F. App'x 854, at *1 (10th Cir. 2001); *Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001); *Lucidore v. N.Y. State Div. Of Parole,* 209 F.3d 107, 113 (2nd Cir. 2000); *Turner v. Johnson*, 177 F.3d. 390, 392 (5th Cir. 1999). *See also Felker v. Turpin*, 518 U.S. 651 (1996) (holding that the AEDPA's restrictions on successive petitions do not violate the Suspension Clause).

Petitioner's attempt to circumvent the one-year limitations period by requesting that his petition be construed under § 2241 rather than § 2254 also fails because, as the Sixth Circuit observed in *Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 371 (6th Cir. 2001), the procedural requirements in § 2254 apply to petitions brought by state prisoners alleging defects in state proceedings, even if brought pursuant to § 2241.  *Greene,* 265 F.3d at 371-72.

## Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is barred by the one-year limitations period. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  November 15, 2006           /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).