UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LONNIE C. WILLIAMS,

      Petitioner,

v.                                Case No. 1:06-CV-728

PATRICIA L. CARUSO,         HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      The Court has before it Petitioner's Objections to the report and recommendation dated November 15, 2006, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also concluded that Petitioner is not entitled to equitable tolling and rejected Petitioner's assertions that the one-year limitations period violates the Suspension Clause and that his petition should be construed under 28 U.S.C. § 2241. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

      In his Objections, Petitioner asserts that the magistrate judge erred in concluding that he is not entitled to equitable tolling, that the magistrate judge erred in concluding that the one-year limitations period does not violate the Suspension Clause, and that the magistrate judge erred in concluding that the one-year limitations period applies to petitions brought by state prisoners, even if brought pursuant to 28 U.S.C. § 2241.

      A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Furthermore, as the Sixth Circuit has repeatedly

observed, the doctrine is applied sparingly by federal courts. *See, e.g., King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004) ("Equitable tolling is permissible under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), although rare."); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) ("The doctrine is used sparingly by federal courts."). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In arguing that he is entitled to equitable tolling, Petitioner relies upon the five factors cited in *Dunlap v. United States*, 250 F.3d 1001(6th Cir. 2001): (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  Petitioner contends that the first two factors – his lack of notice of the filing requirement and his lack of knowledge regarding the filing requirement – which he asserts that the magistrate judge impliedly found weigh in Petitioner's favor, combined with other factors, such as his lack of financial resources and his diligence in pursuing his rights, compel the application of equitable tolling in this case. The Court disagrees. As the Sixth Circuit has observed, the *Dunlap* factors "are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)). As the magistrate judge correctly concluded, the first two factors, alone or in combination, are insufficient to warrant equitable tolling. Although Petitioner asserts his lack of financial resources and his diligence as additional factors supporting application of equitable tolling, his argument lacks

2

merit. First, Petitioner fails to explain why the Court should conclude that Petitioner acted diligently in pursuing his rights by waiting until more than five months after the one-year limitations period expired to file his petition. Petitioner provides no explanation of how any circumstance beyond his control precluded him from filing a timely petition. Petitioner also fails to cite any authority supporting his contention that lack of financial resources to hire counsel weighs in favor of equitable tolling. If this consideration, combined with lack of notice or knowledge of the filing requirement, were sufficient to warrant equitable tolling, application of the doctrine would become the rule, not the exception, in most habeas cases. *See Griffin v. Rogers*, 399 F.3d 626, 639 (6th Cir. 2005) ("'The virtue of relying on equitable tolling lies in the very nature of such tolling as the exception, not the rule.'") (quoting *Rotella v. Wood*, 528 U.S. 549, 561, 120 S. Ct. 1075, 1084 (2000)). Thus, Petitioner is not entitled to equitable tolling.

With regard to the Suspension Clause issue, Petitioner concedes that the magistrate judge correctly observed that "the argument that the one-year period in the AEDPA violates the Suspension Clause has been rejected by many circuits, including the Sixth Circuit." (Pet'r Objections at 4.) Moreover, while Petitioner offers a lengthy argument regarding why the one-year limitations period violates the Suspension Clause, he also concedes that "the AEDPA, as yet, has not been found to be in violation of the Suspension Clause." (*Id.*) The Court rejects Petitioner's argument because Petitioner has failed to show how the limitations period rendered the habeas remedy inadequate or ineffective as to him, because nothing prevented him from filing his petition before the limitations period expired. *See Delaney v. Matesanz*, 264 F.3d 7, 12 (1st Cir. 2001) (stating that "reasonable limits on the use and application of the habeas remedy do not work an unconstitutional suspension of the writ"); *Molo v. Johnson*, 207 F.3d 773, (5th Cir. 2000) (rejecting the petitioner's Suspension

3

Clause argument where the petitioner failed to show how the limitations period rendered the writ ineffective or inadequate).

Petitioner's final argument is that the magistrate judge erred in relying upon *Greene v. Tennessee Department of Corrections*, 265 F.3d 369 (6th Cir. 2001), as supporting the conclusion that the one-year limitations period applies to petitions under § 2241. Petitioner points out that the issue in *Greene* was whether a state prisoner seeking relief under § 2241 must obtain a certificate of appealability before appealing, not whether the one-year limitations period applies to petitions under § 2241. Even though Petitioner is correct that *Greene* did not involve the exact issue presented in this case, the Sixth Circuit has held in unpublished opinions that the one-year limitations period applies to a petition under § 2241. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (stating that "[e]ven if converted [from a petition under § 2254 to a petition under § 2241], the petition would be untimely under the one-year statute of limitations"); *Brock v. Howes*, 96 F. App'x 968, 969 (6th Cir. 2004) (concluding that the district court correctly concluded that the one-year statute of limitations applied to the petitioner's petition under § 2241). Therefore, this argument is rejected.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 15, 2006 (docket no. 2) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: February 14, 2007                    /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE